IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THE OHIO CASUALTY INSURANCE    )
COMPANY,                       )
                               )
          Plaintiff,           )
                               )
     v.                        )        1:23-cv-253
                               )
AMERICAN TEC ELECTRIC          )
COMPANY, d/b/a AMERICAN        )
ELECTRIC COMPANY, and          )
DAVID A. GOODSON,              )
                               )
          Defendants.          )
```

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff, The Ohio Casualty Insurance Company, has filed a Motion for Entry of Default Judgment Against Defendants. (Doc. 9.) In support of the motion, Plaintiff filed declarations of Thomas H. Duke, (Doc. 11), a Senior Surety Claims Counsel, and James A. Roberts, (Doc. 12), counsel for Plaintiff. After consideration of the pleadings, evidence, and relevant authorities, this court concludes Plaintiff is entitled to default judgment and the motion will be granted.

In summary, the evidence and pleadings establish that Plaintiff issued performance and payment bonds on behalf of Defendants and, as part of that process, entered into a General Agreement of Indemnity ("Indemnity Agreement") with Defendants.

(Doc. 11 at 2.)[1] Following Defendant's failure to complete its subcontract obligations, Plaintiff was compelled to perform its obligations under the payment and performance bonds. (Id. at 2-3.) As a result, Defendants became liable to Plaintiff under the terms of the Indemnity Agreement for the loss incurred by Plaintiff. (See Doc. 1 at 6; Doc. 1-1 at 3.) "Loss" is defined as

> any loss, fees, costs and expenses, including pre- and post-judgment interest at the maximum rate permitted by law, court costs, counsel fees, accounting, engineering and outside consulting fees, which Surety may sustain or incur . . . by reason of . . . execution or procurement of a Bond, including any cost incurred by Surety in fulfilling its obligations under any Bond . . . or in enforcing any of the covenants and conditions of this Agreement . . . .

(Doc. 1-1 at 2-3.) In this action, Plaintiff seeks recovery of $708,643.83 paid on the Performance Bond, expert consulting fees of $8,215.12 for investigation and resolution, pre-judgment and post-judgment interest, attorneys' fees in the amount of $1,952.50, filing fees of $402.00, and service of process fees in the amount of $770.00. (Doc. 10 at 4-5.)

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

I. **ANALYSIS**

   A. **Jurisdiction**

"Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). The party moving for default judgment must still show that the defaulted party was properly served. Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996).

Plaintiff is a corporation organized and existing under the laws of New Hampshire with its principal place of business in Boston, Massachusetts. (Doc. 1 at 1.) Defendant American Tec Electric Company is a corporation organized and existing under the laws of North Carolina with its principal place of business in Kannapolis, North Carolina. (Id. at 2.) Defendant David Goodson is a citizen and resident of Kannapolis, North Carolina. (Id.)

The summons and complaint were served on Defendants on April 11, 2023. (Docs. 5, 6.) Defendants failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service. The Clerk entered default against Defendants on July 7, 2023. (Doc. 8.) This court has subject matter jurisdiction under 28 U.S.C. § 1332 because there

is diversity of citizenship and the amount in controversy exceeds $75,000.

   B.  **Default Judgment**

Generally, if a defendant fails to plead or otherwise defend an action, this court has the discretion to enter default judgment as to that defendant. Fed. R. Civ. P. 55; see Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001, 1002 (E.D. Va. 1985). "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). "Therefore, in determining whether to enter default judgment, the Court may exercise its discretion by considering many factors from the record." Id. "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, see Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974), trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (citing Fed. R. Civ. P. 55(c), 60(b)). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in

the complaint." J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). "However, the defendant is not deemed to have admitted conclusions of law . . . ." Id. The party moving for default judgment must still show that the "unchallenged factual allegations constitute a legitimate cause of action." Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010); see Romenski, 845 F. Supp. 2d at 705 (default judgment is proper when "the well-pleaded allegations in the complaint support the relief sought").

In this case, Plaintiff asserts one claim for relief, reimbursement from Defendants under the Indemnity Agreement. (Doc. 1 at 6.) Plaintiff alleges, and this court finds, that Plaintiff is entitled to recover all costs and expenses under the terms of the indemnity agreement, including $708,643.83 paid on the Performance Bond, $8,215.12 in expert consulting fees, pre-judgment interest in the amount of $31,109.76, post-judgment interest, and filing and service fees in the amount of $1,172.00.

North Carolina law is controlling. The Indemnity Agreement contains a provision requiring the payment of attorneys' fees. (Doc. 1-1 at 2-3.) N.C. Gen. Stat. § 6-21.2 makes attorneys' fee provisions enforceable "upon any note, conditional sale contract or other evidence of indebtedness." While this court has not

- 5 -

Case 1:23-cv-00253-WO-LPA   Document 14   Filed 09/25/23   Page 5 of 7

been able to find a North Carolina Supreme Court case addressing the issue of whether an indemnification agreement is evidence of indebtedness, after review of <u>Stillwell Enters., Inc. v. Interstate Equipment Co.</u>, 200 N.C. 286, 266 S.E.2d 812 (1980), <u>GR & S Atl. Beach, LLC v. Hull</u>, No. 11 CVS 5883, 2011 WL 4501912 (N.C. Super. Ct. Sept. 29, 2011), and <u>United States v. Browne & Assocs., Inc.</u>, 751 F. Supp. 2d 813 (M.D.N.C. 2010), this court concludes the indemnification agreement is evidence of indebtedness within the meaning of N.C. Gen. Stat. § 6-21.2.

<u>Stillwell</u> held that "evidence of indebtedness" refers to "any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." <u>Stillwell</u>, 300 N.C. at 294, 266 S.E.2d at 817. This court agrees with the <u>Browne</u> court that <u>Stillwell</u> suggests a "broad" construction of "evidence of indebtedness." <u>Browne</u>, 751 F. Supp. 2d at 817.

Plaintiff's counsel has submitted an affidavit in support of the attorneys' fees that is not contested, (Doc. 12), and this court finds the fees reasonable. This court finds Plaintiff is entitled to the recovery of $1,952.50 in attorneys' fees.

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment Against Defendants, (Doc. 9), is **GRANTED** and judgment

- 6 -

by default shall be entered in favor of Plaintiff and against Defendants American Tec Electric Company, d/b/a/ American Electric Company and David A. Goodson in the amount of $749,140.71, a sum that includes principal paid, expert consulting fees, prejudgment interest, and court and service costs.

**IT IS FURTHER ORDERED** that Plaintiff have and recover attorneys' fees from Defendant in the amount of $1,952.50.

**IT IS FURTHER ORDERED** that Plaintiff have and recover from Defendants interest at the statutory rate from the date of the Judgment until paid.

A default judgment will be entered contemporaneously herewith.

This the 25th day of September, 2023.

/s/ William L. Osteen, Jr.
United States District Judge